In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-08-01039-CR

____________


CHARLES ALLEN STEWART, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 351st District Court 

Harris County, Texas

Trial Court Cause No. 1065120






MEMORANDUM OPINION

 Appellant, Charles Allen Stewart, pleaded guilty to the offense of obtaining
a controlled substance by fraud, and, in accordance with a plea agreement with the
State, the trial court deferred an adjudication of guilt and placed appellant under
community supervision for 7 years. The State later moved to adjudicate guilt. 
Appellant pleaded true to the allegations of the State's motion to adjudicate, and,
again in accordance with a plea agreement with the State, the trial court adjudicated
appellant guilty and assessed punishment at 3 years' confinement.

 Along with the plea, appellant, appellant's counsel, and the State signed a
stipulation of evidence which included, among others, the following statements: "I
intend to enter a plea of TRUE to the State's Motion. I understand that the prosecutor
will recommend that I be adjudicated guilty in this cause and my punishment should
be set at 3 years' TDC and a fine of _____ and I agree to that recommendation. . . .
As a part of my agreement with the prosecutor to plead true, I AGREE TO WAIVE
any right to appeal I may have concerning any issue or claim in this case, including
my plea or [sic] true or admission of guilt." 

 After the trial court sentenced appellant to punishment that fell within the
terms of the plea bargain agreement, the trial court certified that this case is a plea-
bargain case and the defendant has no right to appeal. Despite waiving his right to
appeal the appellant filed a pro se notice of appeal and requested the appointment of
counsel. This appeal followed. 

 Appellant's counsel on appeal has filed a brief stating that the appeal is
without merit and is frivolous, and that the appeal must be dismissed. See Anders v.
California, 386 U.S. 738, 87 S.Ct. 1396, (1967). The brief meets the requirements
of Anders by presenting a professional evaluation of the record and detailing why the
appeal should be dismissed. Id. at 744, 87 S. Ct. at 1400; see also High v. State, 573
S.W.2d 807, 810 (Tex. Crim. App.1978). Counsel represents that she has served a
copy of the brief on appellant. Counsel also advised appellant of his right to examine
the appellate record and file a pro se brief. See Stafford v. State, 813 S.W.2d 503,
510 (Tex. Crim. App. 1991). More than 30 days have passed, and appellant has not
filed a pro se brief. 

 Having reviewed the record and counsel's brief, we agree that the appeal
is frivolous and without merit. See Bledsoe v. State, 178 S.W.3d 824, 826-27(Tex.
Crim. App. 2005). We have reviewed the record for this appeal and the record is
clear that the sentence in this case was the result of a plea bargain and appellant has
no right of appeal. See Tex. R. App. P. 25.2(b). As such, the certification of the right
of appeal filed by the trial court is supported by the record and that appellant has no
right of appeal due to the agreed plea bargain. Id. Accordingly, we dismiss the
appeal "without further action." Chavez v. State, 183 S.W.3d 675, 680 (Tex. Crim.
App. 2006).

 Any pending motions are denied as moot.

PER CURIAM

Panel consists of Chief Justice Radack and Justices Bland and Massengale

Do not publish. Tex. R. App. P. 47.2(b)